IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 15, 2020

## JESUS BALTAZAR DIAZ RAMOS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2007-A-510      Jennifer Smith, Judge**
_____

**No. M2019-01525-CCA-R3-CO**
_____

The pro se Petitioner, Jesus Baltazar Diaz Ramos, appeals the summary dismissal of his petition for writ of habeas corpus. Following our review, we affirm the judgment of the trial court summarily dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE J., joined. THOMAS T. WOODALL, J., not participating.

Jesus Baltazar Diaz Ramos, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Caitlin Smith, Senior Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

In 2009, the Petitioner was convicted by a Davidson County Criminal Court jury of aggravated rape of a child, a Class A felony and was sentenced by the trial court to forty years as a Range III offender in the Department of Correction. His conviction was affirmed by this court on direct appeal, and our supreme court denied his application for permission to appeal. State v. Ramos, 331 S.W.3d 408 (Tenn. Crim. App. 2010).

In 2016, the Petitioner filed a Rule 36.1 motion to correct an illegal sentence in which he argued that he was illegally sentenced outside his range, that the jury was biased, and that the indictment was invalid due to a discrepancy between the date of the offense on

the arrest warrant and the date of the offense on the indictment. The trial court denied the motion without a hearing, and this court affirmed the judgment of the trial court. State v. Jesus Baltazar Diaz Ramos, No. M2016-02187-CCA-R3-CD, 2017 WL 2800148, at *1-2 (Tenn. Crim. App. June 28, 2017) (no perm. app. filed).

On or about June 24, 2019,[1] the Petitioner filed in the Davidson County Criminal Court a pro se "Petition for Writ of Habeas Corpus and/or Post-Conviction Petition and/or Equitable Relief to Receive Jail Credits." Among other things, the Petitioner alleged that his judgment was void because the judgment, which was signed by the trial court, failed to contain a "duly authenticated 'file stamp' date by the clerk" as required by Rule 32(e) of the Tennessee Rules of Criminal Procedure. The Petitioner further alleged that the trial court's failure to properly enter the judgment resulted in his sentence being illegal. Finally, the Petitioner alleged that he was entitled to pretrial jail credits for his period of incarceration even after his transfer to the Department of Correction because his judgment was not properly entered by the trial court.

On July 29, 2019, the trial court entered an order summarily denying the petition. Among other things, the court found that the petition was substantively deficient because the Petitioner's allegations of an improperly executed judgment form and failure to be awarded proper jail credits did not render the judgment void. The court found that the petition was additionally procedurally deficient because it was filed in the wrong court. With respect to the Petitioner's request that the petition alternately be treated as a petition for post-conviction relief, the court found that the one-year statute of limitations had long since expired. Thereafter, the Petitioner filed a timely appeal to this court.

## ANALYSIS

The Petitioner argues on appeal that the trial court erred in summarily dismissing his petition without appointing counsel or holding a hearing. He also questions whether this court has jurisdiction over the appeal, arguing that there was no final judgment in his case, and hence no jurisdiction in this court, because the judgment form was not file-stamped by the court clerk. The State responds that the trial court's dismissal of the petition was a final judgment and that the trial court properly dismissed the petition because the Petitioner's claims are not cognizable in a petition for habeas corpus, and the Petitioner

---

[1] The original petition was apparently lost or misplaced, as noted by the trial court in its certification of the record in this appeal. On December 20, 2019, this court remanded the matter to the trial court for consideration of a motion to supplement the record with a copy of the petition. On January 13, 2020, the trial court entered an order finding that a copy the Petitioner filed on January 2, 2020, in response to this court's order was a duplicate of the original filed papers and ordering that the "lost petition and attachments be replaced with the duplicates submitted by the [P]etitioner."

cannot show any reason that the statute of limitations for filing a post-conviction petition should be tolled. We agree with the State.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. Id. at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is de novo with no presumption of correctness given to the trial court's findings and conclusions. Summers, 212 S.W.3d at 255.

We find no error in the trial court's summary dismissal of the petition for writ of habeas corpus. A trial court may properly dismiss a petition for writ of habeas corpus without appointing counsel or holding a hearing if there is nothing on the face of the judgment to indicate that the conviction is void or the sentence illegal. See id. at 260. As the trial court noted, the Petitioner's complaints about the judgment form and his sentence credits are not cognizable claims for habeas corpus relief. "The lack of a file stamped date on a judgment form '[a]t most . . . amounts to a clerical error' and does not render the convictions void on their face." Milburn Levon Edwards v. State, No. M2018-01300-CCA-R3-HC, 2019 WL 2591304, at *3 (Tenn. Crim. App. June 25, 2019), perm. app. denied (Tenn. Oct. 11, 2019) (quoting State v. Curtis Lashun Wren, No. W2017-01978-CCA-R3-CD, 2018 WL 3480424, at *3 (Tenn. Crim. App. July 19, 2018)).

The Petitioner's claim that the lack of a file date stamp resulted in an invalid judgment that rendered his sentence illegal and his sentence credits incorrect is likewise without merit. A judgment form that, as here, contains all the relevant information concerning the conviction, offense, and sentence is not rendered invalid merely because it lacks a file-stamped date by the clerk. "The purpose of a file-stamped date is significant for the sole purpose of determining the timeliness of certain filings." Id. (internal quotations and citations omitted). We, therefore, conclude that the trial court's summary

dismissal of the petition on the basis that it failed to establish a cognizable claim for habeas corpus relief was proper.

We further conclude that the trial court properly found that even if the petition is considered as a petition for post-conviction relief, it was filed well outside the one-year statute of limitations. Further, the Petitioner has not alleged any circumstances that would warrant that the statute of limitations be tolled. <u>See</u> Tenn. Code Ann. § 40-30-102(a)(b); <u>Whitehead v. State</u>, 402 S.W.3d 615, 621 (Tenn. 2013); <u>Seals v. State</u>, 23 S.W.3d 272 (Tenn. 2000). Accordingly, we affirm the judgment of the trial court summarily dismissing the petition.

## <u>CONCLUSION</u>

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court summarily dismissing the petition.

_____
ALAN E. GLENN, JUDGE